IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| JOSHUA GUZMAN | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. __________________ |
| | § | |
| CARNIVAL CORPORATION | § | JURY TRIAL DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **JOSHUA GUZMAN**, hereinafter referred to as Plaintiff, complaining of **CARNIVAL CORPORATION**, hereinafter sometimes referred to as Defendant, and for causes of action would respectfully show unto the Court as follows:

**1.** Jurisdiction is based on diversity jurisdiction, 28 U.S.C. §1332(a), inasmuch as this case is between a citizen of a state and a citizen of a different state/foreign country and the amount in controversy is more than $75,000, exclusive of interest and costs.

**2.** Plaintiff, **JOSHUA GUZMAN**, a citizen of the United States who is domiciled in and is a citizen of the State of Texas, brings this cause of action pursuant to the General Maritime Law of the United States.

**3.** Defendant, **CARNIVAL CORPORATION,** a foreign corporation organized under the laws of the country of Panama which maintains its principal place of business in the State of Florida, was the owner and/or operator of the **M/V CARNIVAL MAGIC** at all times relevant hereto. This Defendant is registered to do business in the State of Florida and may be served with process by serving its registered agent in the State of Florida, NRAI SERVICES, INC., 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.

**4.** Venue and divisional venue are proper in this case pursuant to the terms and conditions of Defendant's passenger ticket, which requires all personal injury claims to be brought in the United States District Court for the Southern District of Florida, Miami Division.

**5.** On or about **June 27, 2015**, Plaintiff was a fare paying passenger on the **M/V CARNIVAL MAGIC**. On that date, Plaintiff sustained serious and disabling injuries to his shoulder when he slipped on overflow from the shower in his cabin. Before this accident, Plaintiff had reported the overflow problem to guest services. The Defendant failed to provide proper warning of the overflow or the slipping hazard. Plaintiff's injuries and damages complained of herein were proximately caused by the negligence of Defendant, its employees, servants and/or agents as more particularly described above.

**6.** Plaintiff has sustained damages in the past and will continue to sustain damages in the future as a result of this incident. There are certain elements of damage, provided by law, that Plaintiff is entitled to have the fact finder consider separately to determine the sum of money that will fairly and reasonably compensate him for the injuries, damages, and losses he has and will incur. These damages include:

a. Physical pain that Plaintiff has and will suffer;

b. Mental anguish that Plaintiff has and will suffer;

c. Physical impairment that Plaintiff has and will suffer;

d. Reasonable and necessary medical and care expenses that Plaintiff has incurred and will incur in the future as a result of his injuries; and,

e. Lost wages.

**7.** Plaintiff is further entitled to prejudgment interest as may be allowed by law.

8. Plaintiff demands a jury trial and requests that this case be placed on the Court's jury trial docket.

WHEREFORE, Plaintiff prays that Defendant be served with process, requiring it to appear and answer, and that upon trial of this matter, Plaintiff have judgment against Defendant for all damages heretofore pleaded, for prejudgment interest as allowed by law, for post-judgment interest and for all such other relief which the Court deems appropriate.

Respectfully submitted,

/s/ Angela Arango-Chaffin

Angela Arango-Chaffin, Esq.
Florida Bar No. 87919
angela@chaffinlawfirm.com
90 Alton Rd, Ste. 2704
Miami Beach, FL 33139
713-818-2515
Fax 713-952-5972

ATTORNEY FOR PLAINTIFF

OF COUNSEL:
THE CHAFFIN LAW FIRM